IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTONIO BUSH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-0086 |
| ) | |
| MICHAEL DONAHUE, Warden, ) | Judge Sharp |
| ) | |
| Respondent. ) | |

## ORDER

Antonio Bush, a/k/a Rafael A. Bush, an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee, filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254, along with the $5.00 filing fee. The action, originally filed in the Western District of Tennessee, was transferred to this district pursuant to 28 U.S.C. §§ 1406(a) and 2241(d). Now before the Court is the petitioner's motion to hold his habeas petition in abeyance pending resolution of a motion to re-open post-conviction proceedings in the Criminal Court of Davidson County. (ECF No. 6.)

The petitioner was convicted and sentenced by the Circuit Court for Rutherford County, Tennessee in 2001 (*see* ECF No. 1, at 1). The petitioner's conviction was affirmed on direct appeal in 2004. *State v. Bush*, M.2002-02390-CCA-R3-CD, 2004 WL 794755 (Tenn. Ct. Crim. App. April 14, 2004), *perm. app. denied* (Tenn. Oct. 4, 2004). His initial petition for post-conviction relief was unsuccessful. *Bush v. State*, No. M2005-02967-CCA-R3-PC, 2006 WL 2682825 (Tenn. Ct. Crim. App. Sept. 7, 2006), *perm. app. denied* (Tenn. Dec. 27, 2006). Thereafter, the petitioner sought federal habeas relief, which was denied. *Bush v. Dotson*, 3:07-00630, 2010 WL 3211464 (M.D. Tenn. Aug. 11, 2010) (Haynes, J.), *aff'd*, 508 F. App'x 472 (6th Cir. Dec. 13, 2012).

The record reflects that the petitioner filed a motion to re-open post-conviction proceedings in the Rutherford County Circuit Court (*see* ECF No. 1-2), which was denied on October 14, 2013 (*see* ECF No. 1-3). The petitioner apparently appealed that decision to the Tennessee Court of Criminal Appeals. (*See* ECF Nos. 1-4, 1-5.) Based on his request to hold this action in abeyance, it appears the petitioner also filed another motion to re-open post-conviction proceedings in the Davidson County Criminal Court, which

plainly does not have jurisdiction to consider the issue.[1] Thus, although the petitioner seeks to hold his petition in abeyance pending a ruling by the Davidson County court, this Court construes the motion as requesting abeyance until such time as the petitioner's appeal of the Rutherford County Circuit Court's denial of his motion to re-open is resolved by the Tennessee appellate court(s).

A district court has the discretion to grant a stay and hold federal proceedings in abeyance pending exhaustion of the still unexhausted claims of a habeas petition if the petition also contains exhausted claims, *i.e.*, a mixed petition. *See Rhines v. Weber*, 544 U.S. 269 (2005). State prisoners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings. 28 U.S.C. § 2254(b)–(c).

In other words, a stay is not appropriate if the petition is not a mixed petition, containing both grounds for relief that are exhausted and unexhausted. A claim is unexhausted only if state remedies remain available to the petitioner for that specific claim. A claim is exhausted "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).[2]

In this case, it does not appear that the petition contains any fully exhausted claims that risk being barred by the statute of limitations if the petition is dismissed without prejudice instead of being held in abeyance. Rather, because this is the petitioner's second § 2254 petition, the petition contains claims that are either new and unexhausted or that would need to be transferred to the Sixth Circuit for authorization to file a second or successive petition. The Court therefore finds that abeyance is inappropriate and unnecessary. Instead, the Court finds that the petition should be dismissed without prejudice, meaning that the petitioner will have the ability to refile the petition once he has completely exhausted the appeal of the Rutherford County court's denial of his motion to re-open post-conviction proceedings.

---

[1] The record reflects that the petitioner also filed a "Petition for Writ of Habeas Corpus" in the Circuit Court for Hardeman County, Tennessee (ECF No. 1-7), which that court denied for lack of jurisdiction. (ECF No. 1-6.)

[2] In Tennessee, review by the state supreme court is not required for exhaustion. Instead, "once the Court of Criminal Appeals has denied a claim of error, 'the litigant shall be deemed to have exhausted all available state remedies available for that claim.'" *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (quoting Tenn. S. Ct. R. 39).

Accordingly, the motion to stay and abey (ECF No. 6) is **DENIED**, and this action is instead **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to serve a copy of this Order via first-class mail on the respondent and the Attorney General of Tennessee. Rule 4, Rules Gov'g § 2254 Cases.

It is so **ORDERED**.

                                                Kevin H. Sharp
                                                United States District Judge